IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ESTATE OF SCHADEMAN, In re, | ) | 4:10CV3078 |
| and BELVA A. GATZEMEYER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FLORENCE E. SCHINCKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Belva A. Gatzemeyer ('Gatzemeyer") filed her Complaint in this matter on May 3, 2010, on behalf of herself and the "Estate of Schademan." (Filing No. 1.) Gatzemeyer also filed two Supplements.[1] (Filing Nos. 5 and 6.) Gatzemeyer has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.    SUMMARY OF COMPLAINT

Gatzemeyer filed her Complaint in this matter against sixteen individuals. (Filing No. 1 at CM/ECF p. 1.) Gatzemeyer and several of the individual Defendants reside in Nebraska. (*Id.*)

Condensed and summarized, Gatzemeyer asserts numerous claims of fraud, breach of contract, and misrepresentation that relate to the administration of Ethel A. Schademan's Estate ("Schademan's Estate" or "Estate") in the Nebraska state courts.

---

[1]For the purposes of this Memorandum and Order, the court will consider Gatzemeyer's Supplements "as supplemental to, rather than as superseding" her Complaint. NECivR 15.1(b).

(*Id.* at CM/ECF pp. 2-16.)  Gatzemeyer and Defendant Florence E. Schincke were initially Co-Personal Representatives of Schademan's Estate.  (Filing No. 5 at CM/ECF p. 3.)  However, due to a conflict of interest between the Co-Personal Representatives, Defendant Dennis R. Hurley was appointed as the Estate's Personal Representative.  (*Id.*)  Gatzemeyer seeks "damages with compound interest."  (*Id.*)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

2

A.    *Gatzemeyer's Representation of Schademan's Estate*

Because Gatzemeyer is not an attorney, or the administratrix or executrix of Shademan's Estate, she cannot engage in the practice of law on Estate's behalf.  *See Jones ex rel. Jones v. Correctional Med. Services, Inc.*, 401 F.3d 950, 951-52 (8th Cir. 2005).  Accordingly, the "Estate of Schademan" must be dismissed as a Plaintiff from this matter.

B.    *Subject Matter Jurisdiction*

1.    Diversity of Citizenship Jurisdiction

As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3).  Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted).  In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).  Furthermore, the Supreme Court has explained that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate" and "also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006).  However, the probate exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.*

Here, Gatzemeyer and several of the individual Defendants are Nebraska residents. (Filing No. 1 at CM/ECF p. 1.) Thus, to the extent that Gatzemeyer alleges claims outside of the administration of Shademan's estate, she has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

2.     Federal Question Jurisdiction

In addition to diversity of citizenship jurisdiction, subject matter jurisdiction is also proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Affording the Complaint the most liberal construction, Gatzemeyer fails to allege a non-frivolous claim of right or remedy under a federal statute. Therefore Gatzemeyer has also failed to establish federal question jurisdiction as a basis for jurisdiction in this matter.

In sum, this court lacks subject matter jurisdiction over Gatzemeyer's claims and the Complaint must be dismissed. However, because Gatzemeyer may have state-law claims, the court will dismiss her Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1.     The Estate of Schademan is dismissed as a Plaintiff from this matter.

2.     Gatzemeyer's Complaint (filing no. 1) is dismissed without prejudice for lack of jurisdiction.

3.     A separate judgment will be entered in accordance with this Memorandum and Order.

4

DATED this 3rd day of June, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.